NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY WENDELL GRIMALDI, | No. 11-16501 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00802-KJD-PAL |
| v. | |
| JAMES GREG COX, Director of Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Nevada state prisoner Timothy Wendell Grimaldi appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo the district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Grimaldi's due process claim because Grimaldi failed to allege that his missed opportunity to appear before the pardon board, his housing assignment, or any other deprivation or freedom from restraint imposed "an atypical and significant hardship" on him in relation to the ordinary incidents of prison life to give rise to a protected constitutional interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (property deprivation is not cognizable under § 1983 where state law provides adequate post deprivation remedy); *see also* Nev. Rev. Stat. § 41.0322.

The district court properly dismissed Grimaldi's access-to-courts claim because Grimaldi failed to allege that any actual injury resulted from his limited access to the prison law library and research materials. *See Lewis v. Casey*, 518 U.S. 343, 349-51, 353 n.3, 354-55 (1996) (prisoner must demonstrate that the alleged shortcomings in the prison's library or legal assistance program resulted in actual injury and hindered his efforts to pursue a non-frivolous legal claim).

The district court properly dismissed Grimaldi's deliberate indifference claim because Grimaldi failed to allege facts to show that defendants were

deliberately indifferent to his medical needs or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (deliberate indifference requires that prison officials be aware of facts from which they could infer the existence of a substantial risk of serious harm and also draw the inference).

**AFFIRMED.**